IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VIDAL CARRILLO-CARRILLO,

        Petitioner,

v.

RICK COURSEY,

        Respondent.

Case No. 2:13-cv-01450-SI

OPINION AND ORDER

Anthony D. Bornstein, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court Racketeering conviction. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On May 7, 2009, the Clackamas County Grand Jury indicted petitioner on charges of Racketeering and Conspiracy to Commit Racketeering. Respondent's Exhibit 102. On the morning his trial was scheduled to commence, he appeared before the Clackamas County Circuit Court and asked the trial judge for a continuance and to substitute counsel. Respondent's Exhibit 104. The trial court refused to set the trial over or appoint new counsel, noting that petitioner had "already had one or possibly two other attorneys representing [him] in this matter." *Id* at 4.

Also on the morning of trial, the State was contemplating bringing new criminal charges against petitioner in Clackamas County. This prompted the court to advise petitioner that if it arraigned him on new charges, not only would he lose seven months of credit for time served, but he would face a possible 30-year sentence instead of the 15-year sentence offered by the State. *Id* at 6. The court informed him that if he accepted the State's plea offer, it would be inclined to impose a 15-year sentence and allow him credit for the seven months he had spent in custody up to that

2 - OPINION AND ORDER

point. The court also advised petitioner that he could also benefit from a good-time sentence reduction of 20%. *Id* at 8.

Petitioner ultimately accepted the State's plea offer, entered a no-contest plea to Racketeering, received a 15-year sentence, and was credited with seven months time served. In exchange, the State agreed to: (1) dismiss the Conspiracy charge; (2) refrain from filing a new indictment with additional charges; (3) waive prosecution for additional charges in any other county; and (4) not recommend petitioner's case for prosecution to the United States Attorney's Office. Respondent's Exhibit 103, p. 1; Respondent's Exhibit 105, p. 4.

Petitioner filed for post-conviction relief ("PCR") alleging that he was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments:

> Petitioner claims he was unduly pressured by defense counsel to accept his no-contest plea agreement on the scheduled trial date. Petitioner claims defense counsel advised him, if he did not accept the plea agreement, he would be: convicted at trial and receive a twenty year prison sentence; be charged in a second Indictment; lose seven months credit for time served - if convicted of new charges in the second Indictment; and likely receive a thirty year prison sentence if convicted of charges in the second Indictment.
>
> Petitioner claims his decision to waive his right to a jury trial and enter a no-contest plea was **not** knowing, voluntary and intelligently made under the circumstances.

Respondent's Exhibit 106, pp. 2-3 (emphasis in original).

3 - OPINION AND ORDER

The PCR trial court denied relief on these claims, finding the plea bargain to be favorable to petitioner. It determined that while petitioner may have felt some pressure given the limited choices he had, he knowingly and voluntarily entered his no-contest plea "based on the realities of the situation." Respondent's Exhibit 112, p. 14.

Petitioner appealed the PCR trial court's decision, but his attorney filed a *Balfour* brief when he could not identify any non-frivolous issues to present.[1] Petitioner filed a *pro se* Section B wherein he did not pursue the claims at issue in the PCR trial court, but instead faulted counsel for failing to: (1) adequately investigate the case; (2) prepare petitioner's testimony; and (3) "know the law." Respondent's Exhibit 114. As it does in most cases, the Oregon Court of Appeals affirmed the PCR trial court's decision without issuing a written opinion. *Carrillo-Carrillo v. Coursey*, 254 Or. App. 418, 295 P.3d 695 (2012). Petitioner filed a Petition for Review with the Oregon Supreme Court in which he incorporated his *pro se* Section B from his Appellant's Brief into

---

[1] The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." *State v. Balfour*, 311 Or. 434, 451, 814 P.2d 1069 (1991). The petitioner may then file the Section B segment of the brief containing any assignments of error he wishes. *Id* at 452.

4 - OPINION AND ORDER

his Petition for Review, but the Oregon Supreme Court denied review. 353 Or. 410, 298 P.3d 1226 (2013).

Petitioner filed this federal habeas corpus action on August 19, 2013 in which he alleges that his trial attorney was constitutionally ineffective because: (1) counsel unduly pressured him to accept his no-contest plea; (2) petitioner's plea was not made knowingly, voluntarily, and intelligently; and (3) as alleged in Section B of his *Balfour* brief, counsel failed to adequately investigate the case, did not prepare petitioner to testify, and did not "know the law." Petition (#2), p. 5. Respondent asks the court to deny relief on the Petition because: (1) petitioner failed to fairly present any of his claims to Oregon's state courts, and the claims are now procedurally defaulted; and (2) petitioner's claims lack merit.

## DISCUSSION

### I. **Exhaustion and Procedural Default Standards**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity

5 - OPINION AND ORDER

to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

## II. Analysis

As recounted in the Background of this Opinion, petitioner alleged in his PCR Petition that counsel coerced him into pleading guilty with scare tactics about his sentencing exposure such that

his plea was not knowing, voluntary, and intelligent. Petitioner abandoned these claims on appeal and, thus, failed to fairly present them. Instead, petitioner focused on new claims of ineffective assistance of counsel pertaining to inadequate investigation, witness preparation, and knowledge of the law.

When petitioner raised his new claims for the first time in his *Balfour* brief, the State limited its argument in its Respondent's Brief only to the assertion that the Oregon Court of Appeals was precluded from considering claims raised for the first time on appeal. Respondent's Exhibit 115. The Oregon Court of Appeals did not reject this argument and order briefing on the merits of petitioner's new claims, but simply affirmed the decision of the PCR trial court without opinion. Respondent contends that an affirmance without opinion in this situation cannot constitute a disposition on the merits sufficient to satisfy the fair presentation requirement.

To determine whether petitioner fairly presented his claims by raising them for the first time at the appellate level, the court looks to Oregon state law. Absent very unusual circumstances not present here, Oregon law requires litigants to preserve their claims at the trial level before raising them in the Oregon Court of Appeals. Appellate review in Oregon's state courts is governed by ORAP 5.45(1) which states that "[n]o matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court. . . ." Where a litigant fails to preserve his claims in the lower court, they are deemed waived. ORAP 5.45(1); *Ramirez*

7 - OPINION AND ORDER

*v. State of Oregon*, 214 Or. App. 400, 401, 164 P.3d 1221, *rev. den.*, 343 Or. 554 (2007); *Bowen v. Johnson*, 166 Or. App. 89, 92, 999 P.2d 1159, 1160 (2000).

Because it is clear that petitioner failed to preserve any of the claims he argued to the Oregon Court of Appeals, he presented them to the appellate court in a procedural context in which the merits could not be considered. Similarly, when he raised the same claims to the Oregon Supreme Court in his Petition for Review, the claims were again ineligible for merits consideration because they were not properly before the Oregon Court of Appeals. ORAP 9.20(2) (questions before the Oregon Supreme Court include only questions properly before the Court of Appeals which the petition for review claims were erroneously decided by that court). As such, petitioner failed to fairly present his claims to Oregon's state courts. *See Castille*, 489 U.S. at 351. Because the time for presenting his claims passed long ago, they are all procedurally defaulted and petitioner does not attempt to excuse the default.

The court emphasizes that this case presents an issue of fair presentation, not an analysis of whether the Oregon Court of Appeals invoked an independent and adequate state procedural rule giving rise to a merits presumption. The merits presumption states that where a state court is confronted with a claim in what may be an appropriate procedural context so as to potentially satisfy fair presentation, and the state court issues a decision that is ambiguous as to whether it addressed the merits of the claim or

8 - OPINION AND ORDER

rejected the claim based upon an independent and adequate state procedural rule, the federal court is to presume that the state court adjudicated the claim on its merits. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Casey,* 386 F.3d at 918-19 n. 23 ("[t]he question in Casey's case is about fair presentation, not about divining the reasons behind the state supreme court's rejection without comment of Casey's claims."). "Predicate to the application of the *Harris* presumption is that the decision of the last state court to which the petitioner presented his federal claims must fairly appear to rest primarily on federal law or to be interwoven with federal law." *Casey,* 386 F.3d at 918-19 n. 23  Because the Oregon Court of Appeals gave no such indication in this case, and as there is no procedural ambiguity pertaining to petitioner's claims, the merits presumption is inapplicable.

Even if the *Harris* merits presumption applied to fair presentation issues such as the one at the heart of this case, petitioner's claims would still be ineligible for merits review. "[U]nless a court expressly (not implicitly) states that it is relying upon a procedural bar, we must construe an ambiguous state court response as acting on the merits of a claim, **if such a construction is plausible.**" *Chambers v. McDaniel,* 549 F.3d 1191, 1197 (9th Cir. 2008) (emphasis added).  When a state court denies relief without explanation, it may be presumed that the adjudication was upon the merits "in the absence of any . . . state-law

9 - OPINION AND ORDER

procedural principles to the contrary." *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011). In other words, this merits presumption "may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Id.* In this case, where petitioner's unpreserved appellate claims were entirely undeveloped, where the State offered no briefing on them, and where there is no procedural ambiguity pertaining to those claims, the merits presumption is rebutted.

The court also notes that this case is distinguishable from the Ninth Circuit's decision in *Smith v. Oregon Bd. of Parole & Post-Prison Supervision*, 736 F.3d 857 (9th Cir. 2013). In *Smith,* the Ninth Circuit applied the merits presumption to a confrontation claim raised for the first time as "plain error" to the Oregon Court of Appeals where: (1) the petitioner relied upon the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36, 59 (2004), a decision the Court did not issue until after petitioner's trial; and (2) the Oregon Court of Appeals issued a cursory written opinion in which it disposed of the merits of a preserved hearsay claim (based upon identical facts as the confrontation claim) in exactly the same way as it disposed of the newly-raised confrontation claim.

Unlike *Smith*, petitioner in the case at bar did not attempt to prove "plain error" under ORAP 5.45(1) by relying on a new Supreme Court case that was decided after his trial. In addition, the Oregon Court of Appeals did not issue a written opinion in which it disposed of both preserved and unpreserved claims arising from

10 - OPINION AND ORDER

identical facts in an indistinguishable fashion. For all of the foregoing reasons, the court concludes that petitioner failed to fairly present his claims to Oregon's state courts, leaving them procedurally defaulted and ineligible for merits review.

### III. Request for Evidentiary Hearing

Petitioner also asserts that if habeas relief is not warranted on the existing record, the court should conduct an evidentiary hearing on the disputed issues. Based on the foregoing, an evidentiary hearing is neither necessary nor in the interests of judicial economy. *See Schriro v. Landrigan*, 127 S.Ct. 1933, 1940 (2007) (where the record in the case precludes habeas relief, a district court is not required to hold an evidentiary hearing). Accordingly, petitioner's alternative request for an evidentiary hearing is denied.

### CONCLUSION

For the reasons identified above, the court denies relief on the Petition for Writ of Habeas Corpus (#2) and denies petitioner's alternative request for an evidentiary hearing. The court grants a Certificate of Appealability as to whether petitioner's PCR appellate claims are properly before this court for adjudication on the merits. More specifically, the Certificate of Appealability encompasses the following issue: does the Oregon Court of Appeals' standard practice of affirming a lower court's decision without a written opinion trigger the merits presumption as to all claims presented to it, regardless of their procedural history, as

11 - OPINION AND ORDER

suggested by the Ninth Circuit's decisions in *Smith v. Oregon Bd. of Parole & Post-Prison Supervision*, 736 F.3d 857 (9th Cir. 2013) and *Harris v. Premo*, --- Fed. Appx. ----, 2014 WL 3361712 (C.A.9 (Or.)).

IT IS SO ORDERED.

DATED this 2nd day of October, 2014.

_____
Michael H. Simon
United States District Judge

12 - OPINION AND ORDER