IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**VIDAL CARRILLO-CARRILLO**,

      Petitioner,

v.

**RICK COURSEY**,

      Respondent.

Case No. 2:13-cv-01450-SI

**OPINION AND ORDER AFTER REMAND**

Anthony D. Bornstein, Assistant Federal Public Defender, FEDERAL PUBLIC DEFENDER'S OFFICE FOR THE DISTRICT OF OREGON, 101 S.W. Main Street, Suite 1700, Portland, or 97204. Of Attorneys for Petitioner.

Ellen F. Rosenblum, Attorney General, and Kristen E. Boyd, Assistant Attorney General, DEPARTMENT OF JUSTICE, 1162 Court Street N.E., Salem, OR 97301. Of Attorneys for Respondent.

**Michael H. Simon, District Judge.**

      Petitioner originally filed this 28 U.S.C. § 2254 habeas corpus case on August 19, 2013, challenging the legality of his state-court Racketeering conviction. On October 2, 2014, the Court determined that Petitioner failed fairly to present any of his claims to the Oregon state courts so as to preserve them for federal habeas corpus review. As a result, the Court dismissed

PAGE 1 – OPINION AND ORDER

the case with prejudice without considering the merits of Petitioner's claims, but did issue a Certificate of Appealability on the exhaustion question.

On May 24, 2016, the Ninth Circuit Court of Appeals concluded that Petitioner had, in fact, "fairly presented to the Oregon courts his claims that trial counsel rendered ineffective assistance by unduly pressuring him into accepting the no contest plea, and that his decision to enter the plea and waive his right to a jury trial was not knowingly and voluntarily made." On June 21, 2016, the Ninth Circuit issued its Mandate remanding the case to this court for further proceedings on the merits of these claims. ECF 31. For the reasons that follow, the Court concludes that Petitioner's claims do not entitle him to habeas corpus relief

## BACKGROUND

On May 7, 2009, the Clackamas County Grand Jury indicted Petitioner on charges of Racketeering and Conspiracy to Commit Racketeering. ECF 21-1 at 7-12 (Respondent's Exhibit 102). On the morning his trial was scheduled to commence, he appeared before the Clackamas County Circuit Court and asked the trial judge for a continuance and to substitute counsel. ECF 21-1 at 17-35 (Respondent's Exhibit 104). The trial judge refused to set the trial over or appoint new counsel, noting that Petitioner had "already had one or possibly two other attorneys representing [him] in this matter." *Id.* at 20 (Ex. 104 at 4).

Also on the morning of trial, the State indicated its intention to file an amended indictment to include additional criminal charges. This prompted the trial court to advise Petitioner that if it arraigned him on new charges, not only would he lose credit for seven months of time served, but he would face a possible 30-year sentence instead of the 15-year sentence offered by the State. *Id.* at 22 (Ex. 104 at 6). The court informed him that if he accepted the State's plea offer the court would: (1) be inclined to impose a 15-year sentence; (2) allow him credit for the seven months he had spent in custody up to that point; and (3) make a record that

PAGE 2 – OPINION AND ORDER

the State could not proceed with charges against him in another county. *Id.* at 24-26 (Ex. 104 at 8-10). The court also advised Petitioner that he could benefit from a good-time sentence reduction of 30 percent. *Id.* at 24-25 (Ex. 104 at 8-9).

Petitioner then accepted the State's plea offer, entered a no-contest plea to Racketeering, received a 15-year sentence, and was credited with seven months for time served. In exchange, the State agreed to: (1) dismiss the Conspiracy charge; (2) refrain from filing a new indictment with additional charges in Clackamas County; (3) waive prosecution for additional charges in any other county; and (4) not recommend Petitioner's case for prosecution to the United States Attorney's Office. ECF 21-1 at 14 (Respondent's Exhibit 103 at 1); ECF 21-1 at 40 (Respondent's Exhibit 105 at 4).

Following his conviction, Petitioner filed for post-conviction relief ("PCR") alleging that he was denied the effective assistance of counsel and, as a result, entered a plea that was not knowing, voluntary, or intelligent:

> Petitioner claims he was unduly pressured by defense counsel to accept his no-contest plea agreement on the scheduled trial date. Petitioner claims defense counsel advised him, if he did not accept the plea agreement, he would be: convicted at trial and receive a twenty year prison sentence; be charged in a second Indictment; lose seven months credit for time served – if convicted of new charges in the second Indictment; and likely receive a thirty year prison sentence if convicted of charges in the second Indictment.
>
> Petitioner claims his decision to waive his right to a jury trial and enter a no-contest plea was **not** knowing, voluntary and intelligently made under the circumstances.

ECF 21-1 at 44-45 (Respondent's Exhibit 106 at 2-3) (emphasis in original).

The PCR trial court denied relief on these claims, finding the plea bargain to be favorable to Petitioner. It determined that although Petitioner may have felt some pressure given the limited choices he had, he knowingly and voluntarily entered his no-contest plea "based on

PAGE 3 – OPINION AND ORDER

the realities of the situation." ECF 21-1 at 91 (Respondent's Exhibit 112 at 14). The Oregon Court of Appeals affirmed this decision without issuing a written opinion, and the Supreme Court denied review. *Carrillo-Carrillo v. Coursey*, 254 Or. App. 418, 295 P.3d 695 (2012), *rev. denied*, 353 Or. 410, 298 P.3d 1226 (2013).

Petitioner filed this federal habeas corpus action on August 19, 2013 in which he alleges that his trial attorney was constitutionally ineffective because: (1) counsel unduly pressured him to accept his no-contest plea; (2) Petitioner's plea was not made knowingly, voluntarily, and intelligently; and (3) as alleged in Section B of his *Balfour* brief,[1] counsel failed adequately to investigate the case, did not prepare Petitioner to testify, and did not "know the law." As construed by the Ninth Circuit, Petitioner's third claim amounts to factual support intended to buttress his first claim that counsel unduly pressured him into accepting the no-contest plea.

## DISCUSSION

### A. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

---

[1] "In *State v. Balfour*, 311 Or. 434, 814 P.2d 1069, 1078–80 (1991), the Oregon Supreme Court prescribed the procedures appointed counsel should follow when a criminal defendant seeks to pursue an appeal that counsel believes has no merit. The procedures prescribed in Balfour are now codified in Oregon Rule of Appellate Procedure (ORAP) 5.90." *Carrillo-Carrillo v. Coursey*, --- F.3d ---, 2016 WL 2994928, at *2 (9th Cir. May 24, 2016).

PAGE 4 – OPINION AND ORDER

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id.* at 409.

**B. Analysis**

Petitioner's claims, taken together, allege that counsel failed adequately to investigate the case and prepare for trial, leading counsel to pressure Petitioner into accepting the State's plea offer. Petitioner contends the result was a no-contest plea that was neither knowing nor voluntary.

Because no Supreme Court precedent is directly on point that corresponds to the facts of Petitioner's ineffective assistance of counsel claim, the Court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id.* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In proving prejudice, a Petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

With respect to the voluntariness of a no-contest plea, due process requires that a defendant's guilty plea be voluntary and intelligent. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A guilty plea is voluntary if it is given by a defendant who is fully aware of the direct consequences of his plea. *Mabry v. Johnson*, 467 U.S. 504, 509 (1984); *Brady v. United States*, 397 U.S. 742, 755 (1970). Petitioner must present sufficient evidence to defeat the "formidable" presumption of verity accorded to plea proceedings. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In considering these issues, the PCR trial court had the benefit of an affidavit submitted by Petitioner's trial counsel. Counsel attested as follows:

> 1.  I did not unduly pressure [Petitioner] to accept the plea deal and enter a no[]-contest plea. Instead, I explained the advantages and disadvantages of the plea, along with the strength of the State's evidence and the likelihood of conviction at trial. I told [Petitioner] that I recommended that he accept the no contest plea deal, but also confirmed that I would represent him to the best of my ability if he decided to proceed to trial instead. The transcripts should reflect some of my advice on the record, but additional conversations occurred off the record between me and [Petitioner].

PAGE 6 – OPINION AND ORDER

> 2. While representing [Petitioner], I had no indication that his plea was anything other than knowing, voluntary, and intelligent.

ECF 21-1 at 75-76 (Respondent's Exhibit 111 at 1-2).

After noting that it had read the entire case file as well as the transcripts, the PCR trial court made the following findings:

> I – the findings will be on the day of trial [the] Court denied setover and change of attorney. Court and Petitioner discussed sentences of codefendants, credit for time served, good time, potential charges in other jurisdictions. The record is very clear that that was, in fact, a real conversation between [Petitioner] and the Court.
>
> The Court committed to a 15-year sentence, the State was not willing to go there, and then took a recess for Petitioner to talk to his attorney. The attorney represented earlier in the proceedings with absolutely no disagreement by the Petitioner that he would be willing to plead if he was given 13 years. And of course, that – the State wouldn't offer that.
>
> There was a plea bargain. It was with the Court, actually. Plea bargain was favorable to Petitioner, since he was not charged with other charges or charged in other jurisdictions. The Petitioner probably did feel some pressure, since it was the time when he only had two choices: He either had to go to trial or he had to plea[d]. There was no other out. And neither was going to turn out very well. The codefendants in the case had already been sentenced to sentences that are similar to Petitioner's. But the plea was knowing and voluntary, based on the realities of the situation. I find insufficient evidence of any inadequacy or prejudice.

ECF 21-1 at 90-91 (Respondent's Exhibit 112 at 13-14).

According to Petitioner, had his attorney performed adequately, there is a reasonable probability that he would have insisted on proceeding to trial. Specifically, he claims counsel was unaware that: (1) Petitioner could not have received consecutive sentences as to the crimes charged in the original indictment; and (2) although the State and the criminal trial court stated that Petitioner would not receive credit for his seven months of time served if the case proceeded on an amended indictment, this contention was not supported by Oregon law.

PAGE 7 – OPINION AND ORDER

This Court's review of the record reveals that defense counsel did not agree that Petitioner should lose his seven months of time previously served if an amended indictment issued in his case, and he argued that such an outcome would be "fundamentally unfair." ECF 21-1 at 21-22 (Respondent's Exhibit 104 at 5-6). Similarly, the prosecutor acknowledged to the trial court that he and defense counsel "have a disagreement" about the court's ability to impose consecutive sentences on the original indictment. Defense counsel noted that this issue involved "a little bit of a gray area. . . ." *Id.* at 25 (Ex. 104 at 9). In this respect, it is not clear that counsel misadvised Petitioner on these issues.

More importantly, the issues of Petitioner's time served and the ability of the trial court to impose consecutive sentences on the original indictment were not material to Petitioner's sentencing exposure. If Petitioner elected to proceed to trial, he would have faced an amended indictment with new charges such that any sentencing issue related to the original indictment would be irrelevant. Defense counsel's focus was properly on this issue, and he expressed to the trial court that he could "confidently say the maximum exposure on the . . . new indictment that's pending is . . . 40 years." *Id.* He advised Petitioner that he was "looking at a very likely possibility of getting 30 years if he's convicted on this new indictment." *Id.* Thus, had counsel made it abundantly clear to Petitioner that he was entitled to seven months credit for time served under this scenario, Petitioner has not shown that he would have insisted on proceeding to a trial that might likely result in an additional 15-year sentence.

Not only did Petitioner face a very lengthy sentence if he proceeded to trial on the amended indictment, but the State threatened to file additional charges against him in Multnomah County as well as recommend him for federal prosecution. *Id.* at 9-10. Petitioner's trial counsel strongly urged his client to take the plea deal to avoid this situation and was careful

PAGE 8 – OPINION AND ORDER

to ensure that the State committed on the record that it would not file additional charges in any other county in Oregon, or recommend the case to the United States Attorney's Office for prosecution. ECF 21-1 at 41 (Respondent's Exhibit 105 at 5).

By entering a no-contest plea, Petitioner guaranteed himself a sentence of 15 years (with the possibility of a 30 percent reduction for good behavior), avoided the probability of a far lengthier sentence if he proceeded to trial on the amended indictment, where all indications in the record reveal that the evidence against Petitioner was overwhelming, and also avoided new criminal charges in other jurisdictions. Petitioner has not shown that he had a viable defense or otherwise did not face the possibility of a 30 or 40-year sentence in Clackamas County, nor has he shown that he did not face additional criminal exposure in both Multnomah County and federal court. As a result, the Court concludes that counsel's performance did not fall below an objective standard of reasonableness, and Petitioner entered a knowing and voluntary plea.

Even assuming counsel performed deficiently, Petitioner suffered no prejudice given the favorable plea deal he received. Similarly, any lack of knowledge or voluntariness regarding his no-contest plea did not have a "substantial and injurious effect or influence" on the outcome of his case. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). For all of these reasons, and where the PCR trial court specifically concluded that the "[p]lea bargain was favorable to Petitioner, since he was not charged with other charges or charged in other jurisdictions," ECF 21-1 at 90-91 (Respondent's Exhibit 112 at 13-14), the PCR trial court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law.

### C. Request for Evidentiary Hearing

Petitioner makes an alternative request for an evidentiary hearing in the event the Court does not grant his Petition on the existing record. Because the record is clear that Petitioner is not entitled to relief in this case, an evidentiary hearing is neither necessary nor in the interests of

PAGE 9 – OPINION AND ORDER

judicial economy. *See Schriro v. Landrigan*, 127 S. Ct. 1933, 1940 (2007) (where the record in the case precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## CONCLUSION

The Petition for Writ of Habeas Corpus (#2) is DENIED. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 29th day of July, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge